IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS SUNIGA,

    Plaintiffs,

v.                               C.A. No.:    4:17-cv-638

RAW ELECTRICAL SERVICE, LLC,
and, ARTHUR CAMPBELL,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS SUNIGA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, RAW ELECTRICAL SERVICE, LLC, and ARTHUR CAMPBELL (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## **VENUE**

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, RAW ELECTRICAL SERVICE, LLC, has offices located in Houston, Texas.

## **THE PARTIES**

4. Plaintiff is an individual residing in Houston, Texas.

5. Defendant, ARTHUR CAMPBELL, is a resident of Houston, Texas.

6. Plaintiff, THOMAS SUNIGA, was employed by Defendants from 2010 through February of 20106, as an "Electrician," at the rate of $16.00 per hour.

7. Defendant, RAW ELECTRICAL SERVICE, LLC, is a limited liability corporation formed and existing under the laws of the State of Texas and maintains offices in Houston, Texas.

8. Defendant, RAW ELECTRICAL SERVICE, LLC, operates a company primarily engaged in the business of providing electric contracting services in Houston, Texas, and is an employer as defined by 29 U.S.C. § 203(d).

9. Defendant, RAW ELECTRICAL SERVICE, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, RAW

ELECTRICAL SERVICE, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, RAW ELECTRICAL SERVICE, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. Defendant, ARTHUR CAMPBELL, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, RAW ELECTRICAL SERVICE, LLC, in relationship to Plaintiff; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

13. Defendant, ARTHUR CAMPBELL, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, is a statutory employer under the FLSA.

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff has retained the law firm of Ross Law, P.C., to represent his in this action and has agreed to pay said firm a reasonable attorney's fee for its services.

Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff, and all others similarly situated, at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Specifically, Plaintiff worked overtime, but was not paid the appropriate premium for his overtime work. Defendants paid Plaintiff straight time for all hours worked, but did not pay Plaintiff and additional half-time. Plaintiff recorded his work time via handwritten time sheets that are in the sole possession of the Defendants.

18. Defendants either knew about or showed reckless disregard for the

matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

19. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

21. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, THOMAS SUNIGA, demands Judgment against Defendants, jointly and severally, for the following:

    a. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

    b. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, THOMAS SUNIGA, demands a jury trial on all issues so triable.

Respectfully submitted this February 28, 2017.

       **ROSS LAW GROUP**
       1104 San Antonio Street
       Houston, Texas 78701
       (512) 474-7677 Telephone
       (512) 474-5306 Facsimile
       Charles@rosslawpc.com

       _____
       **CHARLES L. SCALISE**
       Texas Bar No. 24064621
       **DANIEL B. ROSS**
       Texas Bar No. 789810
       **ATTORNEYS FOR PLAINTIFF**